## 50306. RIGGINS v. THE STATE.

MARSHALL, Judge.

Appellant appeals from his conviction of robbery by intimidation for which he received a ten-year sentence in the penitentiary. After notice of appeal was filed, the trial court ordered Riggins released on bail pending appeal. While free under bail bond appellant was convicted in the Recorder's Court of the City of Columbus of the offense of discharging a firearm in the City of Columbus and was bound over to the State Court of Muscogee County for the offense of pointing a weapon at another. The trial judge

ordered that the bail bond pending appeal be revoked. However, neither the Sheriff of Muscogee County nor the surety on the bail bond pending appeal have been able to locate Riggins after a diligent search. The state has filed a motion to dismiss the appeal on the grounds that Riggins has become a fugitive from justice, and has forfeited all rights to invoke the aid of the appellate court. *Held:*

Our initial reaction is to dismiss the appeal under the rule that appellant is a fugitive from justice. See e.g. *Gravitt v. State,* 221 Ga. 812 (147 SE2d 447); *Blaylock v. State,* 129 Ga. App. 230 (199 SE2d 369); *Shelton v. State,* 131 Ga. App. 786 (206 SE2d 654); *Salisbury v. State,* 133 Ga. App. 964 (213 SE2d 90). But by way of motion for rehearing, counsel for appellant has made a commendable effort on behalf of his absent client to have this court rule on the merits of the appeal. His argument is that appellant is not a fugitive from justice because his bail bond has not been legally revoked for the reasons: (1) that the ex parte order of the trial judge revoking the defendant's bail bond was without notice and without a hearing and therefore was in violation of his due process rights under the Fifth and Fourteenth Amendments of the U. S. Constitution, (2) that his Notice of Appeal served as a supersedeas "where the defendant is admitted to bail . . ." under Ga. L. 1965, pp. 18, 22 (Code Ann. § 6-1001), and that the trial judge therefore had no further discretion in the matter and could not revoke bail bond, and (3) that there was no evidence of a bench warrant, and, if there was, it was improperly issued.

This last contention is not relevant since it would not be considered in this case as a basis for dismissal of the appeal. The first two arguments are relevant because if the trial judge's revocation of appellant's bail bond was nugatory then the appellant is still free under the bail bond and is not a fugitive from justice.

In the first place, we point out that the rationale behind the "fugitive from justice" dismissal rule applies with equal force where the appellant has escaped from confinement and where he has "jumped bail" pending appeal. In *Gentry v. State,* 91 Ga. 669, 674 (17 SE 956), the Supreme Court adopted language from Commonwealth v. Andrews, 97 Mass. 543, Bigelow, C. J., stating: " 'The

defendant, by escaping from jail where he was held for the purpose of prosecuting these exceptions and abiding the judgment of the court thereon, has voluntarily withdrawn himself from the jurisdiction of the court. He is not present in person, nor can he be heard by attorney. A hearing would avail nothing. If a new trial should be ordered, he is not here to answer further; if the exceptions are overruled, a sentence cannot be pronounced and executed upon him. . . So far as the defendant had any right to be heard under the constitution, he must be deemed to have waived it by escaping from custody and failing to appear and prosecute his exceptions in person, according to the order of court under which he was committed.'

"In Smith v. United States, 94 U. S. 97, Mr. Chief Justice Waite said: 'It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, *or constructively, by being out on bail.* If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case.' " (Emphasis supplied.) See also *Madden v. State,* 70 Ga. 383; *Munday v. State,* 24 Ga. App. 111 (100 SE 19).

We are not aware, nor are we apprised by counsel, of any statute or case which requires the basic due process protections of notice and hearing in revocations of an appeal bail bond. The *refusal* or *granting* of a bail bond pending appeal, both under the old law, Code § 6-1005, and the new, Code Ann. § 6-1001, has always been within the discretion of the trial judge. *Vanderford v. Brand,* 126 Ga. 67 (2) (54 SE 822); *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286); *Hardwick v. State,* 131 Ga. App. 721 (206 SE2d 727); *Sellers v. State,* 112 Ga. App. 607 (145 SE2d 827); Sellers v. State, 374 F2d 84 (5th Cir., 1967). But there are no guidelines under Georgia law, as to the trial judge's power, even as to whether or not it is discretionary, in

*revoking* an appeal bail bond.

We must conclude that the trial judge has such power and that it is discretionary. We do not agree that the trial judge's power to revoke appeal bail bond is terminated by the filing of the notice of appeal. Counsel for appellant would have us rule that once a bail bond pending appeal has been granted, the trial judge cannot revoke it until the remittitur is sent down from this court and final judgment is entered thereon. Though we find no authority on this point, we do not believe the intent of the legislature in passing Code Ann. § 6-1001 was that the supersedeas deprived the trial judge of his power to revoke a bail bond pending appeal. It merely deprived him of his power to execute the sentence. In this sense, a distinction must be made between a supersedeas and a bail bond pending appeal. Though both have the effect of suspending execution of the sentence (where the sentence is only confinement in jail, as here), a bail bond pending appeal is merely an alternative method (to incarceration) of insuring the defendant's presence when and if the time comes for execution of the sentence. While the trial judge may not execute the sentence under supersedeas, he may nevertheless revoke a bail bond to make the defendant amenable to execution when and if that time should come.

Nevertheless, the trial court's decision to revoke an appeal bail bond should be accompanied by at least minimal due process protections. Here the trial judge's revocation order was issued on the basis of information supplied ex parte by the district attorney's office that the defendant had been convicted in the Recorder's Court of the City of Columbus and bound over to the state court for offenses involving discharging a firearm. There is no evidence of attempts to notify defendant's counsel or of a hearing on the matter. We feel that due process requirements of the Fifth and Fourteenth Amendments (Code Ann. § 1-815) mandated notice and evidentiary hearing.

This case is therefore remanded with instructions for the trial judge to conduct an evidentiary hearing, within 30 days of notice to the appellant or his counsel, for appellant or his counsel to show cause why the appeal bail bond should not be revoked. This hearing shall be held

before the end of the June Term, 1975, of Muscogee Superior Court. The trial judge shall enter an order revoking or not revoking the appeal bail bond, from which appellant shall be allowed 30 days in which to file another notice of appeal.

*Remanded with instructions. Bell, C. J., and Webb, J., concur.*

SUBMITTED MARCH 3, 1975 — DECIDED JUNE 4, 1975.

*John C. Swearingen, Jr.,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.