375 A.2d 931.

STATE *vs.* STEVEN H. WILSON.

JULY 18, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

628

JOSLIN, J. Steven H. Wilson, who had been indicted for
a narcotics offense, was at liberty on personal recognizance
when he allegedly violated a condition thereof. At the bail
revocation hearing in the Superior Court, he was adjudi-
cated a violator of that recognizance and it was cancelled;
he was also found guilty of committing a "deliberate, wil-
ful, intentional contempt of Court" and sentenced to serve
a 3-month term at the Adult Correctional Institutions.
The case is here on his appeal from the contempt adjudi-
cation and the imposition of sentence therefor. His ground
is that the state's failure to give him specific notice[1] of

---

[1]Although the records certified to us do not contain a copy of the
notice actually given, Wilson does not contend that he did not receive any
notice. Presumably, then, the form of notice he received conformed to or
closely resembled that customarily used, which presently read as follows:
"The defendant in the above entitled matter is considered an
alleged violator of the conditions of his recognizance in that he failed
to keep peace and be of good behavior. The defendant was released on
.................................................which was set on....................................................
A Warrant had been requested in order to present the defendant to
the Court.

the "essential facts constituting the criminal contempt charged and describe it as such," as required by Super. R. Crim. P. 42(b),[2] precluded the contempt adjudication.

The state concedes that the contempt in this case was criminal in nature, that it was not susceptible to summary disposition because the acts relied on were neither committed in the actual presence of the court nor heard or seen by the trial justice, and that it could not be prosecuted except on notice. It argues, however, that under Super. R. Crim. P. 46(e)[3] violation of the terms of a recognizance is punishable not only by forfeiting the defendant's bail, but also by finding him guilty of contempt, and that the notice received by Wilson was adequate to permit the imposition of either or both of those sanctions.

As we understand its position, the state in effect is relying on the statement of the Supreme Court in *United States v. United Mine Workers of America*, 330 U.S. 258, 297-98, 67 S.Ct. 677, 697-98, 91 L.Ed. 884, 914-15 (1947),

---

"The Attorney General specifies the following as the grounds upon which action is sought to adjudge the above-named defendant a violator of his recognizance.

"...........................................................................................
Assistant Attorney General

"A copy of this statement furnished to the defendant on....................

............................................................. day of ........................................................."

[2]Super. R. Crim. P. 42(b) reads in material portion as follows:

"Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such."

[3]Super. R. Crim. P. 46(e) provides:

"Violation of Terms of Recognizance. In addition to other remedies provided for in this rule or otherwise provided for by law, violation of the terms of a recognizance may be punished as a contempt of court."

that the notice requirement of Rule 42(b) is satisfied so long as the notice given "insure[s] a realization by contemnors that a prosecution for criminal contempt is contemplated." Under that standard, the state's argument continues, Wilson received adequate notice because he was chargeable with knowledge that a contempt adjudication was a permissible sanction under Rule 46(e) and should, therefore, have been aware that contempt was charged and could be tried. Consequently, the argument concludes, even if the notice given failed to conform technically to Rule 42(b), it was sufficient under the rationale of the *United Mine Workers* case because Wilson was not prejudiced thereby.

That argument would be more convincing if the requirements and characteristics of a bail revocation hearing were identical irrespective of whether the ultimate sanction imposed for that violation were forfeiture of bail or a contempt adjudication. But in fact the nature of the hearing differs depending upon the sanction to be imposed. Thus, if it be for a bail forfeiture, a defendant is not entitled to all the due process rights of a full-scale trial. *Mello* v. *Superior Court*, 117 R.I. 578, 587, 370 A.2d 1262, 1266 (1977). If, on the other hand, a contempt adjudication is in the offing, he is entitled to those rights because "[t]he provision of fundamental due process protections for contemnors accords with our historic notions of elementary fairness." *Taylor* v. *Hayes*, 418 U.S. 488, 500, 94 S.Ct. 2697, 2704, 41 L.Ed.2d 897, 908 (1974); *accord, Coolbeth* v. *Berberian*, 116 R.I. 188, 195-96, 354 A.2d 120, 125-26 (1976).

These differences, it seems to us, are significant, and a defendant at a bail revocation hearing should not be forced to guess whether the sanction he will be called upon to defend is a contempt adjudication or a bail forfeiture. This is particularly true in a hybrid situation like this in

which an order declaring a forfeiture of the bail is the rule and a contempt adjudication, though a permitted sanction, is a rarity. In the circumstances, we believe that Rule 42(b) should have been rigorously applied, and Wilson should have been fully apprised that a criminal contempt was charged and would be tried. *See Coolbeth* v. *Berberian, supra* at 196, 354 A.2d at 126. The additional time and expense that would have been involved in giving that kind of notice would not have "seriously handicap[ped] the effective functioning of the courts." *Bloom* v. *Illinois*, 391 U.S. 194, 208-09, 88 S.Ct. 1477, 1486, 20 L.Ed.2d 522, 533 (1968).

The defendant's appeal is sustained, the judgment of criminal contempt is vacated, and the cause is remanded to the Superior Court for further proceedings consistent herewith.

*William F. Reilly,* Public Defender, *Barbara Hurst* and *John A. MacFadyen, III,* Asst. Public Defenders, for plaintiff.

*Julius C. Michaelson,* Attorney General, *John McDermott,* Special Asst. Attorney General, for defendant.