314 S.E.2d 412

**STATE of West Virginia**

v.

**Cora Lynn STEELE.**

No. 16231.

Supreme Court of Appeals of West Virginia.

March 29, 1984.

---

W.A. Thornhill, III, Sp. Pros. Atty. and Richard W. Stone, Asst. Pros. Atty., Beckley, for respondent.

Arthur T. Ciccarello and Brickford Y. Brown, Lewis, Ciccarello, Masinter & Friedberg, Charleston, for petitioner.

MILLER, Justice:

This summary petition for bail was filed in this Court by Cora Steele after the Circuit Court of Raleigh County ruled that it lacked jurisdiction under W.Va.Code, 62–1C–1 (1983), to grant post-conviction bail. Ms. Steele was convicted by a jury of first degree murder, with a recommendation of mercy, and third degree arson. The jury further found that the murder was committed with the use of a firearm. We take this opportunity to clarify the procedure that a circuit court must follow when it concludes that under W.Va.Code, 62–1C–1 (1983), a defendant is not entitled to post-conviction bail.

In 1983, the legislature amended W.Va.Code, 62–1C–1(b), to provide that the

circuit court must deny post-conviction bail pending the appeal of a conviction for an offense which was committed with the use or attempted use of a firearm or other deadly weapon or by the use of violence to the person. The amendment does permit this Court to review such denial of bail upon a summary petition.[1] The language of this section clearly provides for review by this Court of the denial of post-conviction bail when the trial court finds that facts underlying the offense meet the requirements of one of the three exceptions for the denial of bail.

Although W.Va.Code, 62–1C–1(b) (1983), prohibits a circuit court from granting post-conviction bail in certain circumstances, we do not construe the statute as preventing the circuit court from developing a bail record. The development of a bail hearing record is essential in order for this Court to perform a meaningful review under W.Va.Code, 62–1C–1 (1983), and determine whether post-conviction bail should be granted. In the single Syllabus of *State v. Gary*, 162 W.Va. 136, 247 S.E.2d 420 (1978), which was decided before the current version of W.Va.Code, 62–1C–1, we adopted a rule governing bail hearings in an attempt to aid review by this Court:

> "Where bail is sought and opposed by the State, either as to the right to bail or the amount, the trial court must provide a hearing and a written statement of the reasons for its decision."

The reason for requiring a factual record in the circuit court is to enable us to have some method for determining whether bail should be set and its amount. Despite the use of the phrase "summary petition" in the statute, we do not take this to mean that we should only hear a petition for bail based upon the defendant's representation. Customarily, when an application for bail is made to this Court, we accord the State the right to respond in order that it may present its position with regard to the bail question. *State v. Bouchelle*, 134 W.Va. 34, 61 S.E.2d 232 (1949).[2]

Frequently, there will be material disputes of fact in the State's response with regard to the allegations made in the defendant's application. It is difficult for us to resolve these disputes based purely on the parties' pleadings filed in this Court. Furthermore, because the trial court has heard the underlying case resulting in the criminal conviction, it is in a much better position to resolve these disputes and can if necessary hold an evidentiary hearing.

The 1983 amendment to W.Va.Code, 62–1C–1, uses this phrase: "[B]ail may be granted where there is a likelihood that the defendant will prevail upon the appeal." A defendant's claim of reversible error made in his petition for bail to us will obviously parallel the grounds of error that he has asserted before the trial court. It is apparent that if a bail record is first made at the circuit court level, we will have the benefit of that court's comments with regard to such error.[3]

---

1. The italicized portion of W.Va.Code, 62–1C–1(b) (1983), represents the amended portion:

    "Bail may be allowed pending appeal from a conviction, except that bail shall not be granted where the offense is punishable by life imprisonment *or where the court has determined from the evidence at the trial or upon a plea of guilty or nolo contendere that the offense was committed or attempted to be committed with the use, presentment or brandishing of a firearm or other deadly weapon, or by the use of violence to a person: Provided, that the denial of bail under one of these exceptions may be reviewed by summary petition to the supreme court of appeals or any justice thereof, and the petition for bail may be granted where there is a likelihood that the defendant will prevail upon the appeal.* The court or judge allowing bail pending appeal may at any time revoke the order admitting the defendant to bail." (Emphasis supplied)

2. In *Bouchelle*, we discussed the use of habeas corpus at common law to obtain bail. It is clear that W.Va.Code, 62–1C–1(c), permits this Court to review the denial of bail by summary petition. However, we have never construed this review as foreclosing the right of the State to respond to such petition in this Court.

3. Another consideration which warrants some comment is that often on an application for bail in this Court, the attorney general's office will appear for the State. Without a prior bail record being made in the circuit court, where the prosecuting attorney who tried the case is present, it is difficult for an effective response to be made by the State.

■ Certainly, the language of the 1983 amendment to W.Va.Code, 62–1C–1(b), "that the denial of bail under one of these exceptions *may be reviewed* by summary petition to the supreme court," (emphasis supplied), suggests that the legislature did not intend to abolish the prior practice of having an initial hearing in the circuit court.

■ Although W.Va.Code, 62–1C–1(b)(1983), provides that this Court may grant post-conviction bail "where there is a likelihood that the defendant will prevail upon the appeal," we do not interpret this provision to be the sole criterion for granting bail after conviction. In other words, even though it may appear likely that the defendant may prevail on appeal, this does not end our inquiry as to whether post-conviction bail should be granted, and, if so, in what amount. We discussed various aspects of post-conviction bail in *State ex rel. Bennett v. Whyte*, 163 W.Va. 522, 258 S.E.2d 123, 127 (1979), where after noting the general standards set out in W.Va. Code, 62–1C–3,[4] we said:

"The pendency of other charges against the defendant, the amount of the individual's pretrial bond, the regularity of his preconviction appearances, the severity of the sentence imposed, and the likelihood of meritorious grounds for an appeal are all relevant factors to weigh in regard to post-conviction bail. Also pertinent are the defendant's community ties, his age, and his health."

■ We also explained in *Bennett* why post-conviction bail is less liberally accorded than at the pretrial stage, and recognized the rule set out in Syllabus Point 1 of *State ex rel. Hutzler v. Dostert*, 160 W.Va. 412, 236 S.E.2d 336 (1977):

"A case by case determination of the right to and amount of bail in criminal proceedings is consistent with the Bill of Rights provision that excessive bail shall not be required and with the discretion vested in the courts under provisions of. *W.Va.Code*, 62–1C–1."

Because these additional factors also need to be considered in determining whether to grant post-conviction bail, there is still the need to have a record developed at the circuit court level applying this bail criteria.

A brief review of the defendant's application for bail filed in this Court together with the State's response illustrates the problems that confront us, where there is no underlying bail hearing record. The defendant was convicted of first degree murder with a recommendation of mercy and third degree arson of the victim's automobile in the Circuit Court of Raleigh County. The jury found that the murder was committed with the use of a firearm. She was out on $20,000 pretrial bond and appeared at all required times. The State does not contest these facts.

■ The defendant also claims to be a lifelong resident of St. Albans, is married, and had been employed as a practical nurse. She asserts the need to be with her children, but does not state how many she has except that the youngest is five months old. The State's response is that it demands strict proof of these allegations. We do not believe that these allegations are sufficient to provide a history of the defendant's background in order to determine her community ties which bear on the question of her likelihood not to flee. Moreover, there is nothing to indicate her ability to meet a higher bond if one should be set.

Finally, her asserted grounds of appeal are specifically denied by the State. We are unable to make any determination on the merits of the alleged errors because the defendant's grounds of error and the State's responses are given in a conclusory fashion. The arguments are not fully developed, which they could have been if a prior bail hearing had been held.

■ For the foregoing reasons, we are unable to consider the bail petition. However, we do not foreclose the defendant

---

**4.** W.Va.Code, 62–1C–3, in material part provides: "The amount of bail shall be fixed by the court or justice with consideration given to the seriousness of the offense charged, the previous criminal record of the defendant, his financial ability, and the probability of his appearance."

from developing a bail record below and, therefore, remand the case to the Circuit Court of Raleigh County for further development.

Remanded.