324 S.E.2d 346

**Ronald Gay MARSHALL**

v.

**Patrick CASEY, Circuit Judge of Kanawha County.**

**No. 16480.**

Supreme Court of Appeals of West Virginia.

Dec. 12, 1984.

Theodore R. Dues, Jr., Dues & Tyree, Charleston, for petitioner.

No appearance for respondent.

McHUGH, Chief Justice:

This action in habeas corpus and mandamus is before this Court upon the petition of Ronald Gay Marshall. The petitioner seeks relief from the revocation of his bail by the respondent, the Honorable Patrick Casey, Judge of the Circuit Court of Kanawha County, West Virginia. By order en-

tered on October 3, 1984, we directed the respondent to show cause why relief should not be awarded. This Court has before it the petition, the answer of the respondent and all other matters of record. No briefs have been filed in this action.

## I

In early 1984, the petitioner was indicted in Kanawha County for the felony offenses of sexual assault in the first degree and burglary. Subsequent to his arrest for those offenses, the petitioner was released upon bail, set at the amount of $10,000.

During his release, the petitioner, on September 12, 1984, was arrested for the misdemeanor offense of trespassing. The warrant for the petitioner's arrest for that offense asserts that the petitioner trespassed upon the grounds of an apartment complex in the Cross Lanes area of Kanawha County. A magistrate set bail upon the charge at $5,000, "cash only."[1]

The record indicates that on the day of his arrest for trespassing (and primarily as a result of that arrest), the State presented a written motion to the circuit court to revoke the petitioner's bail upon the sexual assault and burglary charges.[2] By order dated September 12, 1984, the respondent granted that motion and issued a capias for the petitioner's incarceration.

As the parties agree, the September 12, 1984, order of the circuit court was based upon "an unverified motion filed by the Prosecutor's office without any attached exhibits or other documentation...." However, the order indicated that "good cause" existed for the revocation of the $10,000 bail.[3] Furthermore, the order provided that on September 21, 1984, a hearing would be held concerning the revocation.

The hearing scheduled for September 21, 1984, was never held. According to the respondent, petitioner's counsel could not attend that hearing and failed to reschedule the hearing.

The petitioner now seeks relief in this Court pursuant to this Court's original jurisdiction in habeas corpus and mandamus matters.[4]

---

1. The petition alleges that the efforts of the petitioner's father to secure the petitioner's release upon bail with respect to the trespassing charge were frustrated by a forthcoming motion of the State to revoke the petitioner's bail upon the sexual assault and burglary charges.

2. The motion of the State to "revoke bail and issue capias" asserted as follows:
   1. That the defendant RONALD GAY MARSHALL was indicted during the January 1984 Term of the Grand Jury of Kanawha County on a felony charge of sexual assault in the first degree and on the felony charge of burglary.
   2. That the defendant subsequently appeared before the Honorable Patrick Casey Judge of the Circuit Court of Kanawha County to answer said indictment. Bond was continued in the amount of Ten Thousand Dollars ($10,000).
   3. That during the first part of September 1984 the defendant was seen running away from the scene of an attempted burglary on Melwood Street in Cross Lanes, Kanawha County, West Virginia.
   4. That on September 6, 1984, the defendant was cited for speeding by Trooper Jett of the Cross Lanes Detachment of the West Virginia Department of Public Safety.
   5. That on September 11, 1984, the defendant was caught in the act of peeping in the window of an apartment located at 5400 Cross Lanes Drive and charged with trespassing.
   6. That the defendant has violated the terms and conditions of his release on bail.

3. The September 12, 1984, order of the Circuit Court of Kanawha County provided, in part:
   This day came the State of West Virginia by Irene C. Berger, Assistant Prosecuting Attorney in and for Kanawha County and tendered unto the Court its Motion to Revoke Bail (and issue capias) and the Court having inspected the same and it appearing to the Court that good cause exists to grant the relief sought by the State, does hereby Order that said Motion be filed and the Court does further order that the bail heretofore set in this matter be set aside, vacated, revoked and annulled....

4. The respondent indicates that on October 22, 1984, the petitioner entered a plea of guilty to sexual assault and was sent to the West Virginia Medium Security Prison at Huttonsville, West Virginia, for sixty days—for "evaluation and diagnostic study." Inasmuch as the revocation of bail question before this Court concerns the petitioner's release prior to trial or conviction upon the sexual assault and burglary charges, the respondent asserts that this action is now moot. We disagree.

Two juveniles, in *State ex rel. M.C.H. v. Kinder,* 173 W.Va. 387, 317 S.E.2d 150 (1984), sought

## II

Amendment VIII of the Constitution of the United States and article III, section 5, of the Constitution of West Virginia each provide that "[e]xcessive bail shall not be required...." Article VIII, section 12, of the Constitution of West Virginia provides that the legislature of this State may "designate the courts and officers or deputies thereof who shall have the power to admit persons to bail."

The general statutory law of this State concerning bail is found in chapter 62, article 1C, of the West Virginia Code.[5] W. Va. Code, 62–1C–1 [1983], providing for the admission of a criminal defendant to bail under various circumstances, states in part:

(a) A person arrested for an offense not punishable by life imprisonment shall be admitted to bail by the court or magistrate. A person arrested for an offense punishable by life imprisonment may, in the discretion of the court that will have jurisdiction to try the offense, be admitted to bail.

. . . .

(c) The amount of bail or the discretionary denial of bail at any stage of the proceedings may be reviewed by summary petition first to the lower appellate court, if any, and thereafter by summary petition to the supreme court of appeals or any judge thereof.

See also W. Va. R. Crim. P. 46.

■ In State v. Gary, 162 W.Va. 136, 247 S.E.2d 420 (1978), the defendant, after conviction of second degree murder, was summarily denied bail by the circuit court. No hearing or reasons for decision were provided by that court concerning the denial. Upon review, this Court remanded the case to circuit court for a bail hearing. We stated in State v. Gary as follows:

We do not in this case deal with the right to bail, but rather the procedural question of the necessity of a hearing and the requirement of stated reasons for the denial or granting of bail.

. . . .

[W]here bail is sought and opposed by the State, either as to the right to bail or the amount, the trial court must provide a hearing and a written statement of the reasons for its decision.

162 W.Va. at 137, 139, 247 S.E.2d at 420, 421. See also Febre v. United States, 396 U.S. 1225, 90 S.Ct. 19, 24 L.Ed.2d 48 (1969), under the Federal Rules of Appellate Procedure, reasons for the denial of post-conviction bail should have been stated in writing by the district court; State v. Steele, 173 W.Va. 248, 314 S.E.2d 412 (1984), defendant not precluded from developing record in circuit court concerning request for post-conviction bail; State ex rel. Bennett v. Whyte, 163 W.Va. 522, 258 S.E.2d 123 (1979), circuit court, in accord with State v. Gary, supra, held a post-conviction bail hearing.

Although those cases are not concerned with the requirements of bail revocation,

relief in this Court from their confinement "in a secure detention facility." They had been placed in that confinement pending the disposition of delinquency proceedings. At the time of the hearing before this Court, however, the juveniles had been released into the custody of their mother. Holding that the action was not moot, this Court, in State ex rel. M.C.H. v. Kinder, discussed issues surrounding the "preadjudication detention of juveniles." Syllabus point 1 of that action states:

A case is not rendered moot even though a party to the litigation has had a change in status such that he no longer has a legally cognizable interest in the litigation or the issues have lost their adversarial vitality, if such issues are capable of repetition and yet will evade review.

See also Bridges v. Superior Court, 121 R.I. 101, 104, 396 A.2d 97, 99 (1978), an action involving bail—"we will consider questions of extreme public interest that, although technically moot, are capable of repetition and yet evade review."; syl. pt. 1, State ex rel. J.D.W. v. Harris, 173 W.Va. 690, 319 S.E.2d 815 (1984), citing syl. pt. 1 of State ex rel. M.C.H. v. Kinder, supra, in reference to alleged administrative misconduct at a juvenile correctional facility, where the alleged misconduct was capable of repetition, and broad issues of great public interest were involved; State ex rel. Barker v. Manchin, 167 W.Va. 155, 279 S.E.2d 622, 628 (1981), "rights of parties such as the petitioner [concerning surface mine safety rules and regulations] could be compromised repeatedly under numerous variations of a recurring factual pattern. The need for a definitive resolution is apparent."

5. See also, e.g., W.Va.Code, 50–2–3 [1983], describing the authority of magistrates "to set and admit to bail."

they emphasize the importance of developing methods, such as the holding of hearings, to safeguard the rights of the accused, and others, in certain bail matters.

### III

The question before this Court concerns the procedural aspects of revocation of bail. The petitioner asserts that the State failed to submit "competent evidence" to justify the revocation of his bail. The respondent asserts, however, that because of the scheduling problems of petitioner's counsel no hearing concerning the revocation was held.

A defendant convicted of robbery by intimidation was, in *Riggins v. State*, 134 Ga.App. 941, 216 S.E.2d 723 (1975), released on bail pending appeal. During that release, the defendant allegedly violated certain firearms laws, and his bail was revoked. The Court of Appeals of Georgia held in *Riggins* that the manner in which the defendant's bail was revoked was procedurally infirm. The court stated:

> [T]he trial court's decision to revoke an appeal bail bond should be accompanied by at least minimal due process protections. Here the trial judge's revocation order was issued on the basis of information supplied ex parte by the district attorney's office that the defendant had been convicted in the Recorder's Court of the City of Columbus and bound over to the State Court for offenses involving discharging a firearm. There is no evidence of attempts to notify defendant's counsel or of a hearing on the matter. We feel that due process requirements of the Fifth and Fourteenth Amendments ... mandated notice and an evidentiary hearing.

134 Ga.App. at 944, 216 S.E.2d at 725.

The revocation of a criminal defendant's bail was discussed by the Supreme Court of Rhode Island in *Mello v. Superior Court*, 117 R.I. 578, 370 A.2d 1262 (1977). In that action, the defendant, indicted for receiving stolen goods and possession of a stolen vehicle, was released prior to trial, "on $1,000 personal recognizance." During that release, the defendant allegedly committed another offense, and the state moved that his bail be revoked. The defendant was thereafter held for approximately two weeks without bail pending a bail revocation hearing.

Holding that "the requirements of due process apply to bail revocation proceedings," 117 R.I. at 586, 370 A.2d at 1266, the court in *Mello* determined that the two week delay of the revocation hearing could not be countenanced. Thus, the defendant was entitled to relief. The court stated:

> There can be little doubt that one's interest in remaining free on bail falls within the 'liberty or property' language of the fourteenth amendment.
>
> . . . .
>
> [A] defendant awaiting a revocation hearing still has the right to a speedy determination of his status.
>
> While we eschew the temptation to formulate a neat schedule of minimum and maximum time frames, we do find that a 2-week delay, absent a defendant's consent, is not to be countenanced. If the state wishes to urge bail revocation, the state must be prepared to act forthwith. A bail revocation hearing must be conducted with the same promptness as a hearing in the first instance, allowing, of course, for variations according to circumstances.

117 R.I. at 586–87, 370 A.2d at 1266. *See also Bridges v. Superior Court*, 121 R.I. 101, 109, 396 A.2d 97, 101 (1978), "[bail] revocation is a drastic remedy...." *Cf. State v. Wilson*, 118 R.I. 627, 375 A.2d 931 (1977), discussing, in terms of due process, forfeiture of bail and contempt, where either sanction may be imposed at a bail revocation hearing.

Recognizing that the state has the burden of establishing facts which support the revocation of bail, the Supreme Court of Vermont, in *State v. Knight*, 135 Vt. 453, 380 A.2d 61 (1977), held:

> The condition of release imposed by the trial court, i.e., that respondent not commit any offense for which probable cause may be found by the court, as interpreted by the trial court to permit revocation of bail upon an ex parte deter-

mination, without opportunity to be heard and to contest, is a denial of due process.

135 Vt. at 453, 380 A.2d at 61. *See also State v. Brown,* 136 Vt. 561, 567, 396 A.2d 134, 138 (1978), "Defendant must be accorded his due process rights to notice and an opportunity to be heard [concerning bail revocation]...."

Similar cases include: *Tijerina v. Baker,* 78 N.M. 770, 773, 438 P.2d 514, 517 (1968), "notice and an opportunity to be heard" applies to bond revocation; *People v. Torres,* 112 Misc.2d 145, 147, 446 N.Y.S.2d 969, 971 (1981), "Just as the initial determination to set bail in a particular amount, to remand, or to release without security must have a reasonable basis, and is reviewable, so must a decision to revoke."; *Petition of Humphrey,* 601 P.2d 103, 107 (Okla.Crim.App.1979), proceedings to increase or revoke bail are subject to elements of due process.

■ Consistent with the above, we are of the opinion that an accused, admitted to bail, has an interest in remaining free upon that bail. Moreover, such an accused is entitled to recourse where, upon little or no evidence, a bail revocation is sought. The application of certain principles of due process [6] to bail revocation proceedings provides that recourse.[7]

In addition to *W.Va.Code,* 62–1C–1 [1983], *et seq.,* provisions concerning bail may be found in Rule 46 of the West Virginia Rules of Criminal Procedure. Those rules took effect on October 1, 1981. *See W.Va.R.Crim.P.* 59.

Subdivision (h) of Rule 46[8] provides that upon motion of the defendant for release

---

**6.** The right to due process under the Constitution of the United States is found in *U.S. Const.* amend. V and amend. XIV. The right to due process under the Constitution of West Virginia is found in *W.Va. Const.* art. III, § 10.

**7.** *See United States v. Williams,* 594 F.2d 86 (5th Cir.1979), *reversed on other grounds,* 622 F.2d 830 (5th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981), discussing, in footnote 18, *ex parte* requests in district court by the federal government for modification or revocation of bail to prevent the accused from "jumping bail"—"So long as the suspect is granted a hearing immediately after being brought into custody, this procedure satisfies due process requirements." 594 F.2d at 97, n. 18.

*See also United States v. Bowdach,* 561 F.2d 1160 (5th Cir.1977), in which the court stated:
In this instance, the government sought to revoke an appeal bond because it felt the defendant was preparing to flee, and because it considered the defendant dangerous to the community. In situations such as these, the only way to safeguard the community and assure the defendant's appearance is an immediate, but temporary, revocation of his appeal bond and issuance of an arrest warrant. Due process is satisfied by the granting of a hearing immediately after the person is brought into custody in order to determine whether the bond should be permanently revoked.
....
[W]e find that an *ex parte* temporary revocation of an appeal bond is constitutional when followed by notice and hearing after the person has been brought into custody.
561 F.2d at 1166, 1167.

**8.** Subsection (h) of *W.Va.R.Crim.P.* 46 provides for "Bail Determination Hearings." Subsection (h) states as follows:
(h) *Bail Determination Hearings.* Upon motion of the defendant for release pursuant to subdivisions (a) or (b) of this rule [which subdivisions relate to *'Release Prior to Trial'* and *'Release During Trial'* respectively], the court or magistrate exercising jurisdiction over the case shall immediately order a hearing to determine the defendant's eligibility for bail or release or to determine the amount of bail.
(1) Time of Hearing.—The hearing shall be held within a reasonable time not later than five days after the filing of the motion, but;
(A) With the consent of the defendant and upon a showing of cause, the hearing may be continued one or more times; and
(B) In the absence of the defendant, the hearing may be continued only upon a showing that extraordinary circumstances exist and that the delay is indispensable to the interests of justice.
(2) Procedures.—The magistrate or circuit court shall issue process necessary to summon witnesses within the state for either the attorney for the state or the defendant. Both the attorney for the state and the defendant may offer evidence in their behalf. Each witness, including a defendant testifying in his own behalf, shall testify under oath or affirmation and may be cross-examined. The magistrate or circuit court may make any order with respect to the conduct of the hearing that he could make at the trial of a criminal case.
(3) Testimony of Defendant.—If the defendant testifies at the hearing, he may none-

prior to trial or during trial, "the court or magistrate exercising jurisdiction over the case shall immediately order a hearing to determine the defendant's eligibility for bail or release or to determine the amount of bail." According to subdivision (h), that hearing should ordinarily be held "within a reasonable time not later than five days after the filing of the motion...." Furthermore, subdivision (h) provides for the submission of evidence at the hearing by the State and by the defendant and for written findings of fact and conclusions of law by the court. *See* syl., *State v. Gary, supra.*[9]

■ This Court finds subdivision (h) of Rule 46 compatible with the principles of due process applicable to bail revocation proceedings, and we hold that an accused admitted to bail pursuant to *W. Va. Code,* 62–1C–1 [1983], *et seq.,* whose bail is subsequently revoked, upon credible evidence reflected in a sworn affidavit by the prosecuting attorney, a law enforcement officer, surety or other appropriate person, for alleged violations of law or conditions of the bail, may, by motion, challenge the revocation of bail and seek readmission to bail, and upon that motion, the accused shall be entitled to a hearing. The hearing concerning the revocation of bail and requested readmission to bail shall be governed by subdivision (h) of Rule 46 of the West Virginia Rules of Criminal Procedure, which subdivision provides for "Bail Determination Hearings" in certain bail matters.

By following the above provisions of Rule 46 in bail revocation proceedings, a speedy and thorough determination of the revocation issue will be facilitated, and the interest of the accused in remaining free upon bail will be protected. Moreover, the language of subdivision (h) of Rule 46, as applied in this action to bail revocation, could easily be utilized by a trial court where, for example, a criminal defendant

---

theless decline to testify at trial, in which case his testimony at the hearing is not admissible in evidence. If the defendant testifies at trial, his testimony at the hearing is admissible in evidence to the extent permitted by law.

(4) Evidence.—Objection to evidence on the ground that it was acquired by unlawful means are not properly made by any hearing under this subsection. Hearsay evidence may be received, if there is a substantial basis for believing:

(A) That the source of hearing is credible;

(B) That there is a factual basis for the information furnished; and

(C) That it would impose an unreasonable burden on one of the parties or on a witness to require that the primary source of the evidence be produced at the hearing.

(5) Finding and Disposition.—The magistrate or circuit court shall expeditiously upon receipt of all the evidence make a ruling on defendant's motion and shall, in addition, find the facts specially and state separately its conclusions of law thereon. The findings shall be in writing. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

It should be noted that Rule 46 of the West Virginia Rules of Criminal Procedure is similar to Rule 46 of the Federal Rules of Criminal Procedure. However, the federal rule does not contain a subdivision (h) relating to "Bail Determination Hearings." Subdivision (h) of the West Virginia rule is designed to effectuate *State v. Gary, supra. See* Reporter's Original Notes to Subdivision (h) of *W.Va.R.Crim.P.* 46.

9. In analyzing *W.Va.R.Crim.P.* 46, it is helpful to consider the Standards for Criminal Justice of the American Bar Association.

Vol. II, *American Bar Association Standards for Criminal Justice,* ch. 10, 10–5.7. (2nd ed. 1982 Supp.), provides:

Violations of Conditions of Release

(a) Upon sworn affidavit by the prosecuting attorney, a law enforcement officer, a representative of the pretrial services agency, or a licensed surety establishing probable cause to believe that a defendant has intentionally violated the conditions of release, a judicial officer may issue a warrant directing that the defendant be arrested and taken forthwith before the judicial officer setting the conditions of release. After the defendant is taken into custody, the judicial officer shall either:

(i) set new or additional conditions of release, or

(ii) schedule a pretrial detention hearing within five calendar days pursuant to standard 10–5.9.

(b) A law enforcement officer having probable cause to believe that a released defendant has violated the conditions of release should be authorized, when it would be impracticable to secure a warrant, to arrest the defendant and take him or her forthwith before the judicial officer setting the condition of release.

*See generally* Vol. II, *American Bar Association Standards for Criminal Justice,* ch. 10, 10–5.1 through 10–5.14. (2nd ed. 1982 Supp.)

released upon bail prior to trial sought to flee the jurisdiction of this State. *See* n. 7, *supra.*

■ However, the petitioner in this action is not entitled to relief. A hearing upon the petitioner's bail revocation and readmission to bail was scheduled in circuit court by order dated September 12, 1984. As the record indicates, as a result of the scheduling problems of petitioner's counsel, that hearing was never held. The five-day requirement of subdivision (h) of Rule 46 notwithstanding, the petitioner failed to pursue the matter in circuit court. We, therefore, decline to award the habeas corpus and mandamus relief requested by the petitioner.

Upon all of the above, the rule issued by this Court against the respondent directing him to show cause why relief should not be awarded against him is discharged and the writs denied.

Writs denied.