422 S.E.2d 619

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Robert Dallas HARDING, Defendant Below, Appellant.**

**No. 20847.**

Supreme Court of Appeals of West Virginia.

Submitted April 28, 1992.

Decided July 10, 1992.

Michael J. Basile, Asst. Atty. Gen., Charleston, for appellee.

William E. Kiger, Parkersburg, for appellant.

## PER CURIAM:

This is an appeal by Robert Dallas Harding from a final order of the Circuit Court of Wood County adjudging him guilty, after a jury trial, of failure to appear.[1] The appellant contends that the trial court committed various errors and requests this Court to reverse his conviction. We conclude that the lower court committed no reversible error and affirm its judgment.

### I.

The appellant was arrested on July 21, 1990, and charged with burglary and grand larceny. He was on parole for aggravated robbery at that time. Due to the jury's inability to arrive at a unanimous verdict during a December 17, 1990, trial on the burglary and grand larceny charges, a mistrial was declared. The appellant was thereafter placed on a personal recognizance bond pending retrial, and he was directed to make weekly contacts with his probation officer and attend all court appearances.

---

1. Failure to appear is a violation of W.Va.Code § 62–1C–17b(a) (1989), which provides, in pertinent part, as follows:

   (a) Any person, who, having been released upon his personal recognizance pursuant to section one-a [§ 62–1C–1a] of this article or having been otherwise admitted to bail and released in accordance with this article, and who shall willfully and without just cause fail to appear as and when it may be required of him, shall be guilty of the offense as hereinafter prescribed, and, upon conviction thereof, shall be punished in the manner hereinafter provided.

   West Virginia Code § 62–1C–1a pertains to an individual's right to be admitted to bail by the court or magistrate.

On January 18, 1991, the appellant appeared before the Honorable George W. Hill, of the Circuit Court of Wood County, and a trial was scheduled for March 4, 1991. Although no specific time was stated in the order, all parties acknowledge that general practice dictated that trials would begin at 9:30 a.m. On February 5, 1991, probation officer Jeffrey Nuckolls sent a memorandum to assistant prosecuting attorney Michele L. Rusen, explaining that the appellant had failed to appear for two consecutive weeks, January 21, 1991, and January 28, 1991.[2] Based upon this information, the State filed a motion to revoke bond, and the appellant's bond was revoked on February 8, 1991. On the scheduled trial date of March 4, 1991, the appellant failed to appear for his trial, and he was thereafter indicted for failure to appear in violation of W.Va.Code § 62–1C–17b.[3]

On April 4, 1991, Nicholas Nelson, a police officer for the City of Parkersburg, encountered the appellant while responding to a call in south Parkersburg concerning a "person on top of a roof." When the appellant was asked his name, he told the officer he was "Bobby Linville." A trial on the failure to appear charge was conducted on May 21, 1991, before the Honorable Daniel Douglass. The jury determined that the appellant was guilty of failure to appear. On May 24, 1991, a motion for new trial or, in the alternative, motion in arrest of judgment was filed on behalf of the appellant. On July 3, 1991, the lower court denied all post-trial motions, denied the request for probation, and sentenced the appellant to the West Virginia State Penitentiary for a period of not less than one nor more than five years with a credit of 89 days.

The appellant has presented eight assignments of error, briefly summarized as follows: (1) the lower court erred in denying the appellant's motion to dismiss based upon the facts that the prosecutor never intended to try the case on the day it was scheduled, the jury had not been called, and the appellant's attorney did not believe that the trial would proceed as scheduled on March 4, 1991; (2) the lower court erred in permitting the State to present evidence regarding revocation of the personal recognizance bond due to the underlying circumstance that the judge revoking the bond had neither sworn testimony nor a sworn affidavit regarding the appellant's failure to comply with the conditions of his personal recognizance bond. The appellant also contends that the revocation is irrelevant to the charge of failure to appear; (3) the lower court erred in allowing evidence of the appellant's failure to report to his probation officer; (4) the lower court erred in permitting the State to present evidence regarding the appellant's arrest on April 6, 1991, and the appellant's use of a fictitious name; (5) the lower court erred in allowing the prosecutor to refer to both a "hearing" and a "trial," using those terms interchangeably, when the indictment used the term "hearing;" (6) the lower court erred in failing to direct a verdict for the appellant when no prima facie evidence of a violation existed; (7) the underlying statute, West Virginia Code 62–1C–17b was unconstitutionally applied; (8) the lower court erred in failing to permit the appellant to reopen his case, after the jury began deliberations, for the purpose of an-

2. That memorandum also contained notice that the appellant had been arrested by the Parkersburg Police Department on February 5, 1991, for obstructing a police officer. The probation officer explained that he had spoken to the appellant on February 5, 1991, and had instructed the appellant to appear at the probation office on February 8, 1991, at 3:00 p.m. The appellant did not present himself on that date.

3. The single count indictment provided as follows:
That on or about the —— day of March, 1991, in Wood County, West Virginia, Robert Dallas Harding, committed the offense of "Failure to Appear" by unlawfully, feloniously, wilfully and without just cause failing to appear as and when required of him, to wit: March 4, 1991 for a hearing before the Circuit Court of Wood County located in Parkersburg, Wood County, West Virginia after being arrested for and charged with the commission of a felony and being released upon his personal recognizance pursuant to West Virginia Code 62–1C–1 et seq. on said offense, against the peace and dignity of the State.

swering a written question sent out by the jury.

## II.

The appellant has combined assignments of error one through four for discussion in his brief. We therefore address them in that fashion as well. The appellant contends that the trial court erred in allowing the State to present evidence of the revocation of the bond on February 8, 1991. The appellant claims that the revocation was immaterial and irrelevant and that it was not accomplished in accordance with the procedures set forth by this Court in *Marshall v. Casey,* 174 W.Va. 204, 324 S.E.2d 346 (1984). In syllabus point 2 of *Marshall,* we indicated the following:

> An accused admitted to bail pursuant to *W.Va.Code,* 62–1C–1 [1983], *et seq.,* whose bail is subsequently revoked, upon credible evidence reflected in a sworn affidavit by the prosecuting attorney, a law enforcement officer, surety or other appropriate person, for alleged violations of law or conditions of the bail, may, by motion, challenge the revocation of bail and seek readmission to bail and upon that motion, the accused shall be entitled to a hearing. The hearing concerning the revocation of bail and requested readmission to bail shall be governed by subdivision (h) of Rule 46 of the West Virginia Rules of Criminal Procedure, which subdivision provides for 'Bail Determination Hearings' in certain bail matters.

at 204, 324 S.E.2d at 346.

In *Marshall,* the order of the circuit court was based upon " 'an unverified motion' " filed by the state and unaccompanied by exhibits or documentation. *Id.* at 205, 324 S.E.2d at 347. No hearing was ever held due to the defendant's counsel's scheduling problem, and we held that the defendant had failed to pursue the matter in circuit court. *Id.* at 209–210, 324 S.E.2d at 352. Thus, we declined to award the habeas corpus and mandamus relief requested by the defendant in *Marshall. Id.* In so doing, however, we set forth some guidelines for revocation which may be of assistance in the present case. We recognized, for instance, that "an accused is entitled to recourse where, upon little or no evidence, a bail revocation is sought." *Id.* at 208, 324 S.E.2d at 350. *Marshall's* focus on the submission of competent evidence must also be applied to the present case. As explained above, assistant prosecuting attorney Michele L. Rusen filed a motion to revoke bond on February 7, 1991, alleging that the appellant had failed to report to his probation officer during the week of January 21, 1991, and January 28, 1991. Attached to the motion was a February 5, 1991, memorandum to Ms. Rusen from Probation Officer Jeffrey Nuckolls, addressing the appellant's failure to report.[4]

Based upon that evidence, we fail to discern any error by the lower court in revoking the appellant's bond. The appellant also contends, however, that regardless of the legality of the actual revocation procedure, the existence of the revocation was irrelevant to the failure to appear charge and should not have been presented to the jury. The testimony regarding revocation, however, was actually introduced through cross-examination by the appellant's counsel of two State's witnesses.[5] It

---

4. That memorandum provided as follows:
'This is to inform you that Robert Harding has failed to keep his office visits for two consecutive weeks. He has also failed to contact this office by telephone or in any other manner. In addition, on 2–1–91, Mr. Harding was arrested by the Parkersburg Police Department for Obstructing. He was released on a $1000.00 cash bond which was posted by a Lisa Dennis, 1007 12th Street, Apt. 4, Vienna. Mr. Harding's whereabouts are presently unknown.'

5. This area of inquiry was initiated by appellant's counsel during his cross-examination of State's witnesses Jennifer Earl and Jeffrey Nuckolls. Ms. Earl, an employee of the Wood County Circuit Clerk's Office, was called for the purpose of establishing the appellant's release on a personal recognizance bond. At no time during direct examination did the State question Ms. Earl regarding the bond revocation hearing. During cross-examination, however, the appellant's counsel began questioning Ms. Earl concerning the revocation hearing, the State objected on grounds of irrelevancy, and the court sustained the objection. Likewise, during the cross-examination of Jeffrey Nuckolls, appel-

was only after the reference to that issue by appellant's counsel that the State introduced the testimony of Ms. Rusen to clarify that issue. The appellant did not object at trial to this testimony concerning the bond revocation hearing. In the pertinent part of syllabus point 3 of *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987), we explained that "[w]here a party objects to incompetent evidence, but subsequently introduces the same evidence, he is deemed to have waived his objection." We therefore find no merit to this assignment of error.

■ Related testimony regarding the appellant's failure to report to his probation officer and his attempts to use a fictitious name was properly admitted as evidence of the appellant's willful and intentional failure to appear. In attempting to establish the intentional nature of the appellant's failure to appear, the State was justified in its use of evidence regarding failure to report to the probation officer and the attempt to use a fictitious name since those acts tend to support the State's contention that the appellant was willfully attempting to avoid the authorities. We find no error in the introduction of testimony regarding these issues.

■ The appellant also contends that the lower court erred in failing to direct a verdict in his favor since no prima facie violation was established. The appellant premises this contention upon his construction of the facts appearing in Judge Hill's courtroom on and prior to March 4, 1991. The appellant emphasizes the unlikelihood of the trial actually proceeding on that date since it was the fourth case scheduled, no jury was summoned, and the appellant's own counsel, Joseph T. Santer, believed that the trial would not be held on March 4, 1991.[6]

The facts upon which the appellant relies are not in significant dispute, and we will not belabor the factual scenario. The inescapable conclusion remains, however, that despite the very real possibility that the trial would not proceed on March 4, 1991, the appellant had an obligation to appear on that date.[7] Moreover, the appellant's representations regarding his attorney's knowledge or understanding of the court's schedule for March 4, 1991, are rendered irrelevant by the fact that the attorney's beliefs were not communicated to the appellant prior to the trial date. Thus, as far as the appellant knew, his trial was scheduled to begin on March 4, 1991. He had not spoken with his attorney, the prosecuting attorney's office, or the judge's chambers regarding any doubts or possibilities as to that date as the initiation of his trial. We find no merit to the appellant's contentions to the contrary.

■ The appellant also presents an innovative argument to the effect that West Virginia Code § 62–1C–17b was not appropriately applied. The appellant contends that, since his personal recognizance bond was revoked by Judge Hill on February 7, 1991, he was not actually "released upon his personal recognizance" after that date. As noted above, West Virginia Code § 62–1C–17b(a) is applicable to an individual who willfully and without just cause fails to appear after "having been released upon his personal recognizance pursuant to section one-a [§ 62–1C–1a] ... or having been otherwise admitted to bail and released in accordance with this article." W.Va.Code § 62–1C–17b(a). The appellant relies upon *United States v. Castaldo*, 636 F.2d 1169 (9th Cir.1980), as support for his contention. In that case, the defendant's conviction for failure to appear was reversed because his bail had been forfeited prior to his failure to appear and he was no longer technically released pursuant to the Bail

lant's counsel again raised the issue of the motion to revoke the bond.

6. During trial, assistant prosecuting attorney Michele L. Rusen testified that there were several trials scheduled for March 4, 1991, and that the appellant's trial was the fourth trial scheduled in Judge Hill's division for that day. Ms.

Rusen further acknowledged that no witnesses were present and no jury had been summoned.

7. Even if the trial had not proceeded on that date, it would have been the time for a motion for a continuance to be made so that a criminal case was not left hanging in limbo.

Reform Act. *Id.* at 1172. The appellant in the present case contends that W.Va.Code § 62–1C–17b should be interpreted in similar manner such that it is not violated unless the person fails to appear while he or she is actually released under the personal recognizance bond. Under that interpretation, if the bond is revoked prior to the failure to appear, then the person is no longer considered "released."

The appellant is drawing a technical distinction between having simply been "released", as the statute is worded, and having been "released" but thereafter being subject to bond revocation, as is the appellant's situation. While we recognize the direction of the appellant's argument, we believe that a fair reading of W.Va.Code § 62–1C–17b(a) indicates application to individuals who, after having been released, failed to appear. The intervening event of bond revocation, while it undoubtedly complicates matters, does not render the statute inapplicable. We consequently find no merit to the appellant's argument regarding inappropriate application of W.Va.Code § 62–1C–17b.

■ The appellant also alleges that the lower court erred by failing to permit the appellant to reopen his case after the jury sent out a question during deliberations. The question presented was as follows: " 'Did Defendant receive a copy of the order to return on March the 4th, 1991?' " After discussion of the appropriate procedure for answering such a question, the lower court denied the appellant's request to reopen to present additional evidence on the question and replied to the jury as follows: " 'We cannot answer your question. You must reach a verdict, if possible, upon the evidence you have received.' "

■ We have consistently held that a determination regarding a motion to reopen lies within the sound discretion of the trial court. " 'Whether a party shall be permitted to introduce further evidence after the case has been closed and submitted to the jury, and before the jury returns a verdict,

is a matter of sound discretion of the trial court, and its exercise of this discretionary power will not be cause for reversal except in case of the abuse of the discretion, and that it plainly appears that the person making the request has been injured by the refusal.' Syl. pt. 4, *State v. Littleton,* 77 W.Va. 804, 88 S.E. 458 (1916)." Syl.Pt. 4, *State v. Sandler,* 175 W.Va. 572, 336 S.E.2d 535 (1985). Evidence regarding the issue encompassed within the jury's question had already been presented during trial. We are not convinced that the appellant was prejudiced by the trial court's failure to reopen the case for additional discussion. We therefore find no abuse of discretion in the trial court's decision to deny the appellant's request for reopening.[8]

Based upon the foregoing, we affirm the decision of the Circuit Court of Wood County.

Affirmed.

---

8. With regard to the appellant's contentions that the prosecutor erred in using the terms "hearing" and "trial" interchangeably, we find that no significant confusion could have been created by such usage and that such usage certainly did not affect the validity of the indictment. The event at which the appellant failed to appear was obvious, and the usage of both the term "hearing" and the term "trial" to describe or refer to that event is of no consequence. Likewise, we find no merit to the appellant's catchall assignment of error regarding the defendant's due process protections or unconstitutional application of W.Va.Code § 62–1C–17b.